**Tina SIVILLO, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. CV 83–2889.**

United States District Court, E.D. New York.

May 16, 1984.

Scheine Fusco & Brandenstein by Victor Fusco, New York City, for plaintiff.

Raymond Dearie, U.S. Atty., E.D.N.Y., by Igou Allbray, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## SUPPLEMENTAL MEMORANDUM

WEXLER, District Judge.

This is an action brought under 42 U.S.C. Section 405(g) to review defendant's determination which denied plaintiff disability insurance benefits. Both parties moved for judgment on the pleadings. On April 19, 1983, we granted plaintiff's motion for judgment on the pleadings.

## I. PRIOR PROCEEDINGS

The Administrative Law Judge (ALJ) who heard this case and whose decision was adopted by the defendant Secretary determined that plaintiff does not suffer from a severe impairment within the meaning of 20 C.F.R. Section 404.1521(a), which provides that "[a]n impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities", and that plaintiff must therefore be deemed not disabled pursuant to 20 C.F.R. Section 404.1520(c).

Dr. Bruce Reitberg, a board-certified orthopedic surgeon, testified that he examined the plaintiff on March 15, 1982 and found limited motion of the cervical and lumbar spine, back spasm, limitation of range of motion of the right shoulder, and limited straight leg raising. Dr. Reitberg concluded that plaintiff was not capable of engaging in substantial gainful activity.

Dr. Justus Kaufman, a specialist in abdominal surgery, examined the plaintiff on September 28, 1981 and made the following diagnosis: old fracture of T11 and T12; cervical hypertrophic osteoarthritis with resulting restriction of motion of the right arm and weakness of the right hand; low back derangement with hypertrophic osteoarthritis; obesity; essential hypertension with resulting dizziness. Dr. Kaufman concluded that these conditions resulted in plaintiff's total disability.

Dr. Mohan Lal Sarwal examined the plaintiff as a consulting physician on June 12, 1981. Physical examination revealed plaintiff's neck had a full range of motion in all directions. The right shoulder had a range of motion with normal limits, but was slightly painful and spasmodic. There was no spasm of the spine muscles. An x-ray examination of the lumbosacral spine revealed a compression fracture of D-11 with anterior wedging and slight osteoarthritic degenerative disease changes. X-rays of the right shoulder and right hip were normal. Dr. Sarwal made diagnosis

of degenerative arthritis of the cervical spine, right shoulder and lumbar spine and estimated that plaintiff could sit four hours a day, stand two hours a day, walk one hour a day, frequently lift up to 20 pounds and frequently carry up to 10 pounds.

Dr. Ray Haag, plaintiff's treating physician, stated on August 7, 1981:

When I examined her, I found no abnormal findings other than obesity generally. Neck seemed to have full motion without spasm. There was still some slight restriction, about 10% of restriction in right shoulder. No passive loss of motion of right upper extremity. No abnormal neurological findings in lower extremities. Patient appears to be totally disabled from her pain and has slight limitation of motion of right shoulder.

During 1981, Dr. Haag issued several reports stating that plaintiff is totally disabled. On October 6, 1981, however, ten months after the alleged date of onset of disability, Dr. Haag issued a report stating:

Patient still has complaints of pain in the neck and right and low back and right buttocks and feet. She also complains that her legs go to sleep at times. When I examined her she grimaces and seems to require a great deal of effort to move her neck fully. She won't put her right shoulder over her head, she only brings it up part way. But passively there is motion of the right shoulder. There is no deformity of the neck or upper extremities. She has good motion of the low part of the back. Nothing wrong in lower extremities. She is gaining weight. She weights 220 pounds now, I think she is unable to do the kind of work she did before which is heavy manual work such as scrubbing floors and making beds but I think she could do some light form of work. I think she has a partial disability, moderately so.

Dr. Ronald Bennett, a rheumatologist, examined plaintiff several times in 1982, and found:

Mrs. Sivillo is a 58-year old woman who has suffered compression fractures of her thoracic vertebra, which have led to

significant wedge deformities, associated with osteoarthritic changes. In addition, she has recently had an exacerbation apparently complicated by blunt trauma that occurred at work. There is, therefore, a combination of events, both pre-existing mechanical derangement of the spine, with secondary osteoarthritis and degenerative changes having been exacerbated by blunt trauma in the recent past. In terms of her ability to function, it would appear to me that the patient based upon x-ray reports, as well as physical findings, would find it impossible to perform most forms of gainful employment. Based upon x-rays performed of her lumbar spine, she is likely to be in pain at rest, as well as during occupational exertion.

Plaintiff, who was 59 at the time of the hearing, is a high school graduate. Plaintiff's previous work was as an attendant at a mental hospital. Plaintiff described her duties as follows:

We're supposed to keep the wash and waxed floor, and buff them, and wash walls, and mop and make beds. I had 31 beds I had to make. And wash windows, and wash curtains, iron them and put them up. It was taking care of patients when they got sick.

The ALJ in his decision stated:

Substantial medical evidence establishes that claimant does not have a severe impairment which would significantly limit her exertional capacity to perform basic work related physical functions such as sitting, walking, lifting and carrying. The reports from Dr. Haag, the treating physician, and Dr. Sarwal, the consulting physician, demonstrate that the claimant does not have any significant physical findings which would interfere with the performance of exertional activities. I find Dr. Haag's October 6, 1981 report, in which he found no deformity of the claimant's neck or upper extremities, a good range of motion of the lower back, and "nothing wrong" in her lower extremities most persuasive that the claimant would be able to per-

form the aforementioned work related activities. Therefore, inasmuch as the claimant's capacity to perform basic work related physical activities is not significantly restricted, I find that she does not have a severe impairment and is not disabled, without the necessity of considering the vocational factors of age, education and work experience.

I have carefully considered the claimant's subjective complaints as testified to by her at the hearing as well as her demeanor, credibility, interest, and motivation in reaching the conclusion that she is not disabled. I note that the claimant did not appear to be in significant discomfort or distress during the hearing. Furthermore, substantial medical evidence fails to reveal the existence of an impairment which reasonably could be expected to cause the debilitating degree of subjective symptoms alleged by the claimant. Dr. Sarwal's examination demonstrated that the claimant had a full range of motion in all directions of the neck, a normal range of motion of the right shoulder and no spasm in the spinal muscles. X-rays revealed only "slight" osteoarthritic degenerative disease changes of the lumbosacral spine. In addition, the most recent report from her treating physician, Dr. Haag, also failed to reveal the existence of significant objecting clinical findings which would produce the amount of subjective pain alleged by claimant.

## II. DISCUSSION

Each of the opinions of physicians mentioned above suggests that plaintiff has a severe impairment. Even Dr. Haag's report dated October 6, 1981, while stating that plaintiff "has a partial disability, moderately so", acknowledges that plaintiff cannot return to her former work and cannot perform heavy manual work.

We find that the ALJ's finding that plaintiff's pain does not constitute a severe impairment was not supported by substantial evidence. Although it is true that the Secretary may evaluate subjective complaints of pain, the evaluation must be based upon substantial evidence. Here, two physicians, Dr. Reitberg and Dr. Kaufman, opined that plaintiff was disabled and supplied objective bases for their conclusions. A third physician, Dr. Bennett, stated that plaintiff "would find it impossible to perform most forms of gainful employment" and that "she is likely to be in pain at rest", and supplied objective bases for these findings. A fourth physician, Dr. Sarwal, while reporting mixed findings, opined that plaintiff's impairments are sufficiently severe as to prevent her from sitting for more than four hours in an eight-hour day. A fifth physician, Dr. Haag, although not supplying an objective basis, did opine that plaintiff suffers from pain sufficiently severe to prevent her from returning to her former work or performing other heavy manual work.

The question now arises as to whether plaintiff should be considered disabled in the light of her residual functional capacity, age, education, and past work experience, since the opinions of all physicians suggest that plaintiff cannot return to her former work. *See* 20 C.F.R. Section 404.-1520(e), (f).

The opinions least favorable to plaintiff's position are those of Dr. Sarwal and Dr. Haag. Dr. Sarwal suggests that plaintiff can sit only four hours per day. If so, plaintiff cannot even engage in sedentary work, the lowest level of exertion, which requires the ability to sit for six hours in an eight-hour day. *See* Social Security Ruling 83–10. Dr. Haag stated that plaintiff can perform light work. Dr. Haag was probably using the term "light work" in an informal sense, and not in the technical sense used in HHS regulations. However, assuming that plaintiff is limited to "light work" within the meaning of the regulations, plaintiff must be regarded as disabled in light of her age (59), education (high school graduate), and previous work experience (unskilled, with no evidence that she can enter skilled work). 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 202.04. We see no reason to believe that Dr. Haag,

in using the term "light work" was referring to a *higher* level of exertion than is signified by the term "light work" in the regulations.

## III. CONCLUSION

We therefore find that defendant's determination that plaintiff is not disabled is not supported by substantial evidence.

For the above reasons, on April 19, 1984 we granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and ordered the Clerk to enter judgment in favor of the plaintiff and against the defendant, reversing the Secretary's determination, and directing the Secretary to award plaintiff benefits from December 7, 1980.